# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **VANESSA TAYLOR,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| vs. | **FILE NO.:** _____ |
| **CONSTELLIUM AUTOMOTIVE USA, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Vanessa Taylor (hereinafter "Plaintiff Taylor"), and files this, her Complaint for Damages against Defendant Constellium Automotive USA, LLC (hereinafter "Defendant Constellium"), showing the Court the following:

## INTRODUCTION

1. Plaintiff Taylor, a Caucasian woman, was a strong performer as a Production Technician for Defendant Constellium when, on or around April 18, 2022, Plaintiff was diagnosed with a left meniscus tear, a lesion on her left leg, and arthritis in her left knee. Plaintiff Taylor's physician placed her on light duty to accommodate her physical work capacity in light of her medical ailments. Upon her return to work, Defendant Constellium, through Haley Vonock, refused to engage in the interactive process and sent her home. Plaintiff Taylor requested a specific accommodation of

1

having her coworkers push and/or pull carts that were too heavy for her, but supervisor Victor Gonzales also refused to accommodate Plaintiff Taylor, and also failed to engage in the interactive process. Upon returning to work for Defendant Constellium on May 9, 2022, Plaintiff Taylor discovered that Defendant Constellium had offered light duty work to a different employee, who is an African-American woman. Plaintiff Taylor resigned from her employment with Defendant Constellium on May 12, 2022 due to the foregoing discrimination.

## THE PARTIES

2. Plaintiff Taylor is a former employee of Defendant Constellium.

3. Defendant Constellium is a Delaware limited liability company with offices throughout Georgia, including 1 Constellium Drive NE, White, GA 30184. Defendant Constellium employs more than fifteen people.

4. Defendant Constellium may be served via its registered agent, CT Corporation System at 289 S. Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the ADA and Title VII.

6. This Court has personal jurisdiction over Defendant Constellium because it has offices in this district and transacts significant business in this district.

7. Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Constellium is located in this judicial district via its offices.

8. All conditions precedent to the institution of this suit have been fulfilled. On June 24, 2022, Plaintiff Taylor timely filed a charge with the Equal Employment Opportunity Commission, Charge No. 410-2022-06754. The Notice of Right to Sue was mailed on December 1, 2022. This action has been filed within ninety days of receipt of said Notice.

## FACTUAL ALLEGATIONS

9. Plaintiff Taylor is a Caucasian woman.

10. On December 20, 2021, Defendant Constellium hired Plaintiff Taylor to work as a Production Technician.

11. Multiple employees performed Production Technician position throughout Defendant's plant.

12. The Production Technician position involved several light aspects of work including, operating machinery, moving automobile parts, and packing automobile parts into crates for shipment.

13. On or around April 18, 2022 Plaintiff Taylor's physician, Dr. Riddle of Georgia Bone & Joint Surgeons, P.C., placed her on light duty restrictions due to a meniscus tear, a lesion on her left leg, and arthritis in her knee.

14. Dr. Riddle issued Plaintiff light duty work restrictions. These work restrictions were in effect for a finite period of time, and thus required only a short-term accommodation.

15. Plaintiff Taylor returned to work and showed the medical note to her supervisor and one other management-level employee.

16. Plaintiff's supervisors instructed Plaintiff Taylor to go home, without further engaging in the interactive process or otherwise attempting to accommodate Plaintiff Taylor, as Defendant Constellium purportedly had no light duty work to offer Plaintiff Taylor.

17. Upon returning to work full duty on or around May 9, 2022, Plaintiff Taylor learned that Defendant Constellium offered light duty work to one of Plaintiff's African American co-workers who was also on light duty restrictions.

18. As a direct result of Defendant Constellium's refusal to provide Plaintiff Taylor with reasonable accommodations, Plaintiff Taylor has suffered and continues to suffer damages.

### COUNT ONE: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

19. Plaintiff Taylor incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

20. At all times relevant herein, Plaintiff Taylor had a disability or was regarded as disabled by Defendant Constellium.  29 C.F.R. § 1630.2(g).

21. At all times relevant herein, Plaintiff Taylor had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, and lifting, pursuant to 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as the neurological and musculoskeletal functions.

22. Plaintiff Taylor was at all relevant times qualified for her position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

23. Despite Plaintiff Taylor's requests for reasonable accommodations of working modified duty within her restrictions, Defendant Constellium discriminated against the qualified Plaintiff Taylor by failing to provide reasonable accommodations during her employment.

24. Defendant Constellium failed to provide Plaintiff Taylor the reasonable accommodation of performing work within her light duty restrictions. Had Defendant Constellium given Plaintiff Taylor the requested accommodation of performing work within her light duty restrictions, Plaintiff Taylor could have continued to perform the essential functions of her position.

25. Defendant Constellium failed to engage in an interactive process regarding said accommodations, and said accommodations did not impose an undue hardship on Defendant Constellium's large business.  42 U.S.C. § 12112(b)(5)(A).

26. As a direct result of Defendant Constellium's refusal to provide Plaintiff Taylor with reasonable accommodations, Plaintiff Taylor has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## **COUNT TWO: DISCRIMINATION IN THE TERMS AND CONDITIONS OF EMPLOYMENT ON THE BASIS OF RACE**

27. Plaintiff Taylor incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

28. Plaintiff Taylor is a Caucasian female.

29. At all times relevant herein, Plaintiff Taylor had a disability or was regarded as disabled by Defendant Constellium.  29 C.F.R. § 1630.2(g).

30. At all times relevant herein, Plaintiff Taylor had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, bending, and lifting, pursuant to 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as musculoskeletal functions.

31. Despite Plaintiff Taylor's requests for reasonable accommodations of light duty work and working modified duty within her restrictions, Defendant Constellium discriminated against the qualified Plaintiff Taylor by failing to provide reasonable accommodations during her employment.

32.  Defendant Constellium failed to engage in an interactive process regarding said accommodations, and said accommodations did not impose an undue hardship on Defendant Constellium's large business.  42 U.S.C. § 12112(b)(5)(A).

33. Defendant Constellium offered light duty work to one of Plaintiff Taylor's African American co-workers.

34. As a direct result of Defendant Constellium's refusal to provide Plaintiff Taylor with reasonable accommodations, Plaintiff Taylor has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## COUNT THREE: INTERFERENCE WITH THE EXERCISE OR ENJOYMENT OF RIGHTS UNDER THE ADA

35. Plaintiff Taylor incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

36. At all times relevant herein, Plaintiff Taylor had a disability or was regarded as disabled by Defendant Constellium.  29 C.F.R. § 1630.2(g).

37. At all times relevant herein, Plaintiff Taylor had or was regarded as having a condition that limits major life activities, including, but not limited to, sleeping, performing manual tasks, working, bending, and lifting, pursuant to 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i)(1)(i), and which limits the operating of major bodily functions, such as musculoskeletal functions.

38. Defendant Constellium interfered with Plaintiff Taylor's attempt to exercise and/or enjoy her rights under the ADA when Defendant Constellium discriminated against the qualified Plaintiff Taylor by failing to engage in the interactive process and otherwise discouraging Plaintiff from seeking her right to a reasonable accommodation in violation of 42 U.S.C. §12203(b); 42 U.S.C. § 12112(b)(5)(A).

39. Defendant Constellium engaged in prohibited conduct under the ADA by interfering with, restraining or denying Plaintiff Taylor's rights provided under the ADA led directly to her resignation from Defendant Constellium.

40. As a direct result of Defendant Constellium's interference with Plaintiff Taylor's rights under the ADA, Plaintiff Taylor has suffered and continues to suffer damages and is entitled to the relief sought in the prayer for relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Taylor respectfully prays this Court grant the following relief:

a. That Plaintiff Taylor have and recover from Defendant Constellium lost back pay and benefits, with prejudgment interest thereon;

b. That the Court award front pay and benefits in an amount sufficient to compensate her for the loss of future salary and fringe benefits;

c. That Plaintiff Taylor have and recover compensatory damages in an amount to be determined by a jury;

    d.    That Plaintiff Taylor have and recover punitive damages in an amount to be determined by a jury;

    e.    That Plaintiff Taylor recover her attorneys' fees, litigation expenses, and costs of litigation pursuant to all applicable federal laws; and

    f.    Any and other such further relief this Court or the Finder of Fact deems equitable and just.

**Plaintiff Taylor demands a trial by jury.**

This 21st day of February, 2023.

Respectfully submitted,

HILL, KERTSCHER & WHARTON, LLP

By:    /s/ Douglas R. Kertscher
        Douglas R. Kertscher
        Georgia State Bar No. 416265
        Hunter G. Delashmit
        Georgia State Bar No. 928258
        *Attorneys for Plaintiff*

3625 Cumberland Blvd
Suite 1050
Telephone:  770-953-0995
Facsimile:  770-953-1358
E-mail:    drk@hkw-law.com
            hdelashmit@hkw-law.com